IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MISTY PAYNE, individually, and as next friend of Z.P.**                    **PLAINTIFFS**

**V.**                           **CASE NO. 3:18-CV-3072**

**NORFORK SCHOOL DISTRICT; MIKE SEAY,
Superintendent, in his official capacity; DEANNA
KLAUS, Principal, in her official and individual
capacities; SANDRA FARRIS, Teacher in her official
and individual capacities; and QBE INSURANCE
CORPORATION**                                                              **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Plaintiff Misty Payne's Motion for More Definite Statements (Doc. 25)—which appears to have been inadvertently filed twice at Doc. 26 and docketed the second time as a "Memorandum Brief in Support"—and Ms. Payne's Motion to Strike Insufficient Defenses (Doc. 27) and Brief in Support (Doc. 28). For the reasons given below, both of these Motions are **DENIED**.

Ms. Payne filed her initial Complaint in the Circuit Court of Baxter County, Arkansas on May 25, 2018, asserting claims under a variety of laws, including the Americans with Disabilities Act, the Arkansas Civil Rights Act, and the Fourth and Eighth Amendments to the United States Constitution. See Doc. 4. On June 27, Defendant Norfork School District ("the District") removed the case to this Court, citing federal question jurisdiction under 28 U.S.C. § 1331. See Doc. 1. The District filed its Answer to Ms. Payne's Complaint on July 9. See Doc. 8. The discovery cutoff date is currently set for January 28, 2019, and the dispositive motions deadline is February 1, 2019. See Doc.

1

16, pp. 2–3. The matter is set for a bench trial in the week beginning on May 20, 2019. *See id.* at 1.

Just over two weeks ago, on October 29, 2018, Ms. Payne filed an Amended Complaint adding defendants and claims, *see* Doc. 22, to which no responsive pleading has yet been filed by any defendant. Ms. Payne filed the instant Motions yesterday, November 13. Her Motion for More Definite Statements is brought under Federal Rule of Civil Procedure 12(e), and her Motion to Strike Insufficient Defenses is brought under Federal Rule of Civil Procedure 12(f). Both Motions were moot the instant they landed on the Court's docket, because they are both premised on claimed deficiencies in the District's July 9 Answer to Ms. Payne's original Complaint, which has not been Ms. Payne's operative complaint since October 29.

Additionally, Ms. Payne's Rule 12(e) Motion is procedurally improper. That Rule only authorizes a party to "move for a more definite statement of a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that *the party cannot reasonably prepare a response*." *See* Fed. R. Civ. P. 12(e) (emphasis added). The Federal Rules of Civil Procedure do not ordinarily allow any responsive pleading to an answer, and the Court has not ordered Ms. Payne to file any reply to the District's July 9 Answer. *See* Fed. R. Civ. P. 12(a)(1)(C). In other words, absent circumstances not present here, Rule 12(e) does not provide any grounds for seeking a more definite statement of an answer.

But at any rate, with one possible caveat, Ms. Payne's Rule 12(e) and Rule 12(f) Motions are also substantively meritless. With one exception, her objections in these Motions are to the District's practice of stating in some paragraphs of its Answer that it

"denies the allegations of paragraph [number in the Complaint]" without any further elaboration, or that it denies characterizations of legal authorities in Ms. Payne's Complaint "to the extent" that those characterizations are "inconsistent with" the cited authorities. These are perfectly ordinary and acceptable pleading practices, seen in nearly every answer that gets filed in this Court. (For a few such random examples from the Western District of Arkansas, out of countless ones that could be given, *see, e.g., Kah Dev. 4, LLC v. Stanbrough et al.*, Case No. 3:18-cv-3054, Doc. 10, ¶¶ 19–20, 24, 28–32, 34–39, 41–43, 45–46, 48–53; *Badley v. Carroll Cnty., Ark. et al.*, Case No. 3:18-cv-3069, Doc. 9, ¶¶ 3–8; *Cook v. Cobb-Vantress, Inc.*, Case No. 5:18-cv-5012, Doc. 4, ¶¶ 9, 13–16, 18–19, 22–27, 30–34, 36–38, 40.)

As for the aforementioned caveat: Ms. Payne's Rule 12(f) Motion also characterizes the affirmative defenses in paragraph 67 of the District's Answer as "insufficient," *see* Doc. 27, ¶¶ 7(q), 8, and notes that this Court's Case Management Order imposed a deadline of October 28, 2018 for the District to "either withdraw boilerplate affirmative defenses, or amend to add factual adornment sufficient to place Plaintiff on notice of the factual basis for the defense," *see id.* at ¶ 4; Doc. 16, p. 2. No such amendment ever occurred. Again, this is all moot anyway, since the District will soon be filing an answer to Ms. Payne's Amended Complaint; so the Court will not make any findings (or require any briefing from the District) on the sufficiency of the District's affirmative defenses in its July 9 Answer. But when the District does file its answer to Ms. Payne's Amended Complaint, it should take care not merely to nakedly assert affirmative

defenses, without adorning its affirmative defenses with sufficient facts to place Ms. Payne on notice of each affirmative defense's factual basis.[1]

**IT IS THEREFORE ORDERED** that Plaintiff Misty Payne's Motion for More Definite Statements (Doc. 25) and Motion to Strike Insufficient Defenses (Doc. 27) are both **DENIED.**

**IT IS SO ORDERED** on this 14th day of November, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To be perfectly clear, the Court is *not* saying that the District may not make naked *denials* of factual allegations. Ms. Payne's briefing blurs the distinction between denials and defenses, *see, e.g.*, Doc. 28, ¶ 1, but they are not the same thing, *see, e.g.*, Fed. R. Civ. P. 8(b)(1)(A), (B). As discussed above, it is perfectly appropriate and typical for answers to contain bare denials in the form of "Defendant denies the allegations in paragraph [number]."