IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MISTY PAYNE, individually, and as next friend of Z.P.**           **PLAINTIFFS**

V.           **CASE NO. 3:18-CV-3072**

**NORFORK SCHOOL DISTRICT; MIKE SEAY, Superintendent, in his official capacity; DEANNA KLAUS, Principal, in her official and individual capacities; SANDRA FARRIS, Teacher in her official and individual capacities; and QBE INSURANCE CORPORATION**           **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are three motions by Plaintiff Misty Payne:

- an unopposed motion to voluntarily dismiss Plaintiff's constitutional claims with prejudice, which was made orally during a December 13, 2018 telephone conference;

- Plaintiff's Motion for Sanctions pursuant to Rule 11 (Doc. 23) and Brief in Support (Doc. 24); and

- Plaintiff's Motion for Extension of Time to File Expert Witness Disclosures/Reports (Doc. 33), and Separate Defendant Norfork School District's ("the District") Response in Opposition (Doc. 34).

Plaintiff's oral motion will be **GRANTED** because it is unopposed. Plaintiff's other two motions will be **DENIED**, for the reasons given below.

Plaintiff's Motion for Sanctions points to five paragraphs in the District's Answer to Plaintiff's original Complaint, and contends that the factual allegations in those five paragraphs are false and unsupported by evidence. *See* Doc. 23, ¶ 15; Doc. 24, ¶ 5.

1

Fed. R. Civ. P. 11(c) authorizes this Court, in its discretion, to impose sanctions on attorneys, law firms, or parties who file pleadings containing factual contentions that lack evidentiary support and that are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *See Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *see also* Fed. R. Civ. P. 11(b)(3). But Plaintiff provides no explanation of how she has reached the conclusion that the offending paragraphs in the District's Answer lack evidentiary support. For example, she does not state whether she has taken the deposition of any individual with knowledge of those facts, or whether she has even submitted any interrogatories to the District asking it to identify which individuals have knowledge of those facts. Therefore, the Motion will be denied.

As for Plaintiff's Motion for Extension of Time, she requested on November 13, 2018, that this Court extend its November 28, 2018 deadline for the production of expert witness disclosures and reports. As justification for this request, Plaintiff states that the parties "continue to have issues with Defendant's non-production of key Initial Disclosures and Discovery," but Plaintiff provides no explanation of why or how this has impeded her ability to identify or retain an expert, or impeded any retained expert's ability to prepare a report. Thus, Plaintiff has not shown good cause for why the scheduling order should be modified, *see* Fed. R. Civ. P. 16(b)(4), so her Motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff Misty Payne's Motion for Sanctions pursuant to Rule 11 (Doc. 23) and Motion for Extension of Time to File Expert Witness Disclosures/Reports (Doc. 33) are both **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to dismiss her constitutional claims with prejudice is **GRANTED**. Accordingly, Count VI of Plaintiff's Amended Complaint (Doc. 22) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 16th day of January, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE